The CHICAGO AND WESTERN INDIANA RAILROAD COMPANY

*v.*

FERDINAND BINGENHEIMER.

*Filed at Ottawa January 25, 1886.*

1. NEGLIGENCE—*starting car suddenly without notice to the servant attempting to get on same.* A servant of a railway company whose duty it was, as soon as arriving cars were placed upon the wash-track, to go upon them and clean them for future use, attempted to get upon a car that had arrived and was standing at rest near the wash-track, to clean the same, when the locomotive attached thereto was started suddenly, without any signal or notice to the servant, and without due care on the part of the engineer to observe whether the servant was about to go upon the car, whereby the servant was thrown from the car steps and severely injured, he observing ordinary care: *Held,* that the facts so found by the trial and Appellate courts were sufficient to justify a recovery against the company by the servant.

2. JUROR—*competency—sympathy with one of the parties.* A juror called in an action by a servant against a railway company to recover damages for the loss of a leg from alleged negligence, stated that if he had any

sympathy it was with the plaintiff, and that he would have none for the defendant, but that he knew of no reason why he could not try the case fairly and impartially, that he would not violate his oath under any circumstances, and that he would endeavor to do justice between the parties: *Held*, that the juror was clearly competent.

3. INSTRUCTION—*based on facts which evidence tends to prove.* If there is any evidence tending to show a certain fact or facts, it is not error to give an instruction to the jury based upon such fact or facts, if they find them from the evidence.

4. SAME—*modification not changing its legal effect.* The modification of an instruction by the insertion of words not changing its sense and effect, and not qualifying or limiting the doctrine of law therein stated, is no ground of error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. CHAS. M. OSBORN, and Mr. SAMUEL A. LYNDE, for the appellant:

There was no evidence tending to show that appellant's servants were guilty of gross negligence, and appellee's negligence in attempting to get on the car while under control of appellant, and before it had reached its place on the wash-track, was not slight, but gross. The court therefore erred in giving to the jury appellee's second instruction. *Railroad Co.* v. *Clark,* 108 Ill. 113; *Railway Co.* v. *Zoffinger,* 10 Bradw. 259.

The position of appellee, in attempting to get on the car while under the control of appellant's servants, was that of a trespasser. A railway company is not liable to those who trespass upon its track, except where the negligence of its servants is willful. *Railroad Co.* v. *Hall,* 72 Ill. 225; *Railroad Co.* v. *Hart,* 87 id. 529; *Railroad Co.* v. *Hetherington,* 83 id. 513; *Railroad Co.* v. *Olsen,* 12 Bradw. 250; *Railroad Co.* v. *Frelka,* 9 id. 612; *Railroad Co.* v. *Godfrey,* 71 Ill. 507.

The court erred in overruling the challenge to the juror Lavely. His sympathy and bias, or inclination in favor of

the plaintiff, rendered him incompetent.    *Railroad Co.* v. *Adler*, 56 Ill. 346; *Railroad Co.* v. *Haslam*, 8 Bradw. 595; *Meaux* v. *Whitehall*, 8 id. 174.

A juror should stand indifferent between the parties.    No bias should influence his judgment and swerve him from strict impartiality.    *Insurance Co.* v. *Schueller*, 60 Ill. 472.

Messrs. J. & E. McGaffey, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This action was brought against the Chicago and Western Indiana Railroad Company to recover for personal injuries sustained by Ferdinand Bingenheimer.    At the time plaintiff was injured he was in the employ of the Louisville, New Albany and Chicago Railroad Company.    His duty was to wash and otherwise clean the cars after their arrival in Chicago, and before being used on the road again.    It seems that under some arrangement between the companies, the Louisville, New Albany and Chicago Railroad Company ran their passenger cars into Chicago over the track of defendant's road.    On the arrival of the trains at the depot of defendant, it was the duty of the servants of defendant, with their own motive power, to take the cars to what is called the "wash-track," situated near Fourteenth street, and there make up the train by placing the cars in position to go out again. It was the duty of plaintiff, so soon as practicable after the cars were placed in position so it could be done, to go upon them for the purpose of cleaning them for future use.    It is averred in the declaration that one of the cars composing the train that came in on the morning the accident occurred, was standing at rest upon defendant's track, and that it was plaintiff's duty to enter that car for the purpose of cleaning it; that defendant's locomotive was at that time attached to the car, and that it became defendant's duty to refrain from moving the car while plaintiff was in the act of getting on

it, and that when the car was about to be moved, to give plaintiff timely warning by ringing the alarm bell, and, in the exercise of ordinary care and prudence, to observe the said plaintiff while he was in the act of getting on said car, and to apprise him of any danger from 'the sudden starting of the engine and car, and that as he was in the act of getting on the car, with all due care and diligence, the defendant's servants carelessly and negligently caused the car to be suddenly and violently started backwards, and carelessly and negligently failed to observe the plaintiff as he was in the act of getting on the car, and carelessly neglected to ring the alarm bell prior to causing the car to be suddenly started, and failed to apprise plaintiff, by any signal, of the danger to which he was subjected by the motion of the car and engine, and that by reason of the negligence in this regard he was thrown with great force off the steps upon the ground, and his right leg thrown across one of the rails so that one of the wheels of the engine passed over it, crushing it so badly it had to be amputated.

Since the finding of the issues for plaintiff by the trial and Appellate courts, it will be presumed every material fact the evidence tends to establish was found in his favor, so that no controverted questions of fact can be considered in this court, where only questions of law can be made.

On the trial of the case in the circuit court there arose the question of fact as to whether the car was in motion or at rest when plaintiff tried to get on it and the accident occurred. Concerning that question the evidence was conflicting, and the finding of the Appellate Court as to that fact is conclusive upon this court, and in the further consideration of the case it will be done on the assumption the car plaintiff attempted to board was standing at rest. Other facts controverted at the trial will be assumed to have been settled by the judgment of the Appellate Court in favor of plaintiff, among which are, that it was the duty of plaintiff

to enter the cars so soon as practicable after their arrival, and so soon as they should be removed from the depot to the "wash-track" or other convenient place, and that it was a custom known to defendant's servants, for plaintiff and others engaged in the work with him to get aboard the car elsewhere than on the "wash-track," and commence the work of cleaning the cars. Regarding, then, as has been seen must be done, that all the facts the evidence tends to establish were found in favor of plaintiff, the case, as it comes to this court, presents no difficulty.

It is said it was error in the court to give the second of the series of instructions asked on behalf of plaintiff. No complaint is made, the charge given does not state the doctrine of comparative negligence with sufficient accuracy, but the reason assigned in support of the position taken is, there was no evidence tending to show that defendant's servants were guilty of gross negligence, and that plaintiff's negligence in attempting to get on the car while under the control of defendant's servants, and before it had reached its place on the "wash-track," was not slight but gross. On looking into the record it is seen there is some evidence tending to show, first, the negligent conduct of defendant; and second, the care observed by plaintiff for his personal safety in the discharge of his duties. That being so, the court did not err in giving the instruction as it did. How the weight of evidence may have been touching these issues, is a question of fact, and not of law, to be ascertained by the trial court, in which such questions are cognizable, and with which this court has no concern. There is nothing in the case of *Railroad Co.* v. *Clark*, 108 Ill. 113, cited by counsel, in conflict with the views here expressed.

It is made a point for the reversal of the present judgment, the court erred in not giving defendant's sixth instruction in the form in which it was asked. That instruction informed the jury, that "if they should find, from the evidence, that

at the time when the accident happened the defendant's servants were in control of the sleeping car, and engaged in switching it down to the 'wash-track,' where it was to be left, plaintiff knew that defendant's servants had not completed their work of placing the car where it was to remain to be washed, and voluntarily and unnecessarily attempted to get on said car before it had been placed on said 'wash-track,' and thereby placed himself in position of danger, and that he was injured in consequence of such exposure, then they are instructed that he was guilty of such contributory negligence that he can not recover." The court added to this instruction by interlining after the word "danger," the words, "and in so doing was guilty of the want of ordinary care." It is not perceived how this addition rendered the instruction faulty, even in the slightest degree. Assuming the conduct of plaintiff was as stated in the instruction, he would, no doubt, in law and in fact, in so doing have been guilty of the want of ordinary care for his personal safety, and it is not understood how it could possibly prejudice the defence being made to so state that obvious fact to the jury. It was in no sense a qualification or limitation upon the doctrine stated in the instruction. It was rather a very natural and proper amendment to the charge as originally drawn, and might with great propriety have been inserted in the first instance.

Nor was there any error in the refusal of the court to give the third instruction asked on behalf of defendant. The substance of all it contains was embodied in a correct form in other instructions that were given, and the court was not required to give the same thing a second time, although somewhat differently expressed.

Objection is taken to the refusal of the court to sustain the challenge of defendant as to the competency of one of the jurors. It is quite apparent from the answers made by the juror touching his qualifications, the court ruled correctly.

He stated distinctly he did not "know as there was any reason why" he could not "try this case fairly and impartially." It is true he did state, if he had any sympathy it would be with the "young man that lost his limb," and that he "would have no sympathy for the railroad." That is simply an expression of kindly feeling common to all good people, and certainly the possession of so kindly a spirit would not disqualify a citizen, otherwise competent, from acting in the capacity of a juror. Notwithstanding any sympathy he might have, he stated he would not violate his "oath under any circumstances," and when asked whether he would "endeavor to do justice between the two parties," he answered without hesitation that he would. The juror was competent, and there was not the slightest ground for sustaining the challenge as to him for cause.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*